No. 737

BLAKE COMPANY v. CHESAPEAKE & OHIO RY. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2897. Decided Feb. 21, 1927.

**First Publication of this Opinion.**

1106. STATUTE OF LIMITATIONS—Action against railroad company for failure to furnish cars for transportation of coal, arises at time of such failure, and not at time when damages can be determined.

Error to Common Pleas.
Judgment affirmed.

Paxton, Warrington & Seasongood and Clyde M. Abbot, Cincinnati, for Blake Co.

Galvin & Tracy and J. Paul Geoghegan, Cincinnati, for Railroad Co.

BUCHWALTER, J.

The cause was heard in the Court of Common Pleas on a demurrer to the petition. The demurrer was sustained, and the plaintiff declined to plead further. Judgment was entered for the defendant. Error is now prosecuted to reverse that judgment. The petition states that, in October, 1911, the plaintiff was shipping coal to Toledo, Ohio, for shipment, by vessel, to places on the Great Lakes; that it was necessary to collect a cargo of coal in coal cars, furnished by the defendant, to be shipped to Toledo, Ohio, in order to load there in lake boats before the season of lake navigation closed; that on October 23, 1911, and thereafter, up to and including Nov. 6, 1911, the plaintiff was continuously requesting the defendant to furnish it coal cars for loading and shipment, but the defendant wrongfully, unjustly and in violation of law refused, between said dates, to furnish any coal cars, and that if the coal cars had been furnished during said time, as required by law, the plaintiff would have been able to accumulate a cargo of coal for loading into vessels at Toledo, promptly and without the accrual of any demurrage, and could have shipped the same before the season of lake navigation closed for said year. That, by reason of failure and refusal of defendant company to furnish cars, plaintiff was unable to assemble its cargo of coal and, by reason thereof, it was required to transship the cars furnished by the defendant after Nov. 6, 1911, by rail and to have them remain at the Toledo docks of the Hocking Valley Railway Co. longer than would have been necessary had shipment been made between Oct. 25 and Nov. 6, 1911, and, by reason thereof, demurrage was claimed to have accrued in favor of the Hocking Valley Railway Co. against the plaintiff, which would not have accrued had defendant furnished cars as required by law.

The Hocking Valley Railway Co. made claim against the plaintiff for said demurrage, which plaintiff refused to pay, at the same time notifying defendant that it would hold it responsible for this demurrage.

On Dec. 29, 1915, the Hocking Valley Railway Co. sued the plaintiff and secured a judgment against it, and thereafter levied execution. The plaintiff, in order to avoid seizure and sale of its property, was required to pay said judgment to the Sheriff of Hamilton County, the judgment and the costs amounting to $2,136.98.

The demurrer sets forth that the petition does not state facts sufficient to constitute a cause of action, and that the action was not brought within the time limited for the commencement of such actions.

The allegations against defendant are, that it wrongfully and unjustly refused to furnish certain coal cars. If the action were for breach of contract, it would be subject to demurrer, as no damages are alleged as a result of breach of contract, and, of course, would be barred by the statute of limitations, as not having been brought within the time limited for the bringing of such actions.

It, therefore, is necessary to consider whether the petition states a cause of action to recover for a breach of duty on the part of the defendant to indemnify the plaintiff for money which it was compelled to pay by process of law.

The wrong complained of, to-wit: failure to furnish cars, which defendant was under a legal duty to furnish, sounds in contract and not in tort. See 31 Corpus Juris, Section 47.

The wrongful act charged was that the C. & O. Ry Co. refused to furnish the plaintiff with any coal cars for loading and shipment, between Oct. 23 and Nov. 6, 1911, and that plaintiff was unable to assemble a cargo of coal and this resulted in the accumulation of charges for demurrage, which plaintiff was compelled to pay. The wrong complained of was the breach of a common law or statutory duty. This breach of duty, owed to plaintiff, was complete on Nov. 6, 1911. It was claimed that the cars which were furnished after Nov. 6th were the ones on which the demurrage accrued, but there is no claim that there was any refusal to furnish sufficient cars after that date. So that, after that date, there was no breach of duty charged.

The gist of the action is a breach of duty to plaintiff and not the consequent injury resulting therefrom, and the cause of action arose at the time of the breach. Kearns v. Schoonmaker, 4 Ohio, 331.

In Vol. 13, American and English Encyclopedia of Law, the rule on this subject is stated as follows: "In the case of torts arising quasi-e-contractu, and in actions for breach of contract, the statute generally begins to run at

the date of the tort or breach, and not when damages ensue."

The breach, which is here complained of, is a breach of duty to the plaintiff. Plaintiff could have brought an action for this breach and recovered, either nominal damages, or such damages as accrued before the trial.

In any view of the case, the cause of action, whether as a breach of contract or a tort arising ex contractu, arose at the time of the breach, Nov. 6, 1911, and the demurrer was properly sustained.

(Hamilton, PJ. and Cushing, J. concur.)